# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ANTHONY L. OLIVER, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:07-cv-347 |
| § | |
| THE CITY OF GARLAND, TEXAS, § | |
| et. al., § | |
| Defendants. § | |

## ORDER DENYING DEFENDANTS' MOTIONS FOR SANCTIONS

Before the court are two motions for sanctions against Charles M. Hinton, Jr., the Plaintiff's attorney in this matter. One motion was filed by Defendants Ronald B. Neighbor and Mark E. Dempsey (de # 43), and the other was filed by the City of Garland (de # 46). Dempsey and Neighbor move the court to sanction Hinton under 28 U.S.C. § 1927 and the court's inherent authority in the amount of $19,601.64. The City moves for sanctions in the amount of $37,950 pursuant to Section 1927. The arguments of both sets of Defendants are virtually identical, so they will be addressed in tandem.

Section 1927 empowers the court to impose on an attorney the excess costs arising from tactics that "so multipl[y] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (2006). In order to award sanctions, the court must find evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). Section 1927 has been interpreted as penal and must be construed in favor of the potentially sanctioned party so as not to dampen "the legitimate zeal" of the lawyer properly representing his client. *Id*. at 526. To award sanctions under the court's inherent authority, the court "must make a specific finding that the attorney acted in bad faith." *Elliott v.*

*Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) (internal quotation marks omitted).

The Defendants essentially ask the court to impose sanctions on Hinton because they disagree with the legal stance taken by Hinton on behalf of Oliver in this case. Their Motions and Replies are saturated with conclusory allegations as to Hinton's motivations without any evidence thereof. This type of "evidence" clearly cannot serve as the basis for relief. In addition, the Defendants chiefly rely on two circumstances in support of their Motions. First, Hinton, while acting as the City Attorney for the City of Garland well over a decade ago, signed onto a legal position contrary to a legal position he asserted in this matter. However, as long as there is no misrepresentation to the court, merely taking different, even mutually exclusive, positions on behalf of different clients is hardly evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Proctor & Gamble*, 280 F.3d at 525. The Defendants also rely on the fact that another lawyer, Jane Bishkin, was able to negotiate a settlement on behalf of Oliver shortly after her engagement of the case. This circumstance also falls short of establishing that Section 1927 sanctions are appropriate. That a different lawyer was more effective in disposing of a case does not indicate that the prior attorney acted with "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id*. The court similarly declines to exercise its inherent authority to order sanctions. *Elliott*, 64 F.3d at 217.

Based on the foregoing, the court is of the opinion that both of the Defendants' Motions for Sanctions should be, and hereby are, DENIED.

IT IS SO ORDERED.

**SIGNED this the 25th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE